The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| INVESTMENT REALTY | ) CASE NOS. 10-62380, 10-62384, |
| PROPERTIES, LTD., et al., | )             10-62386 thru 10-62389 |
| | )             (Jointly Administered) |
| Debtors. | ) |
| | ) ADV. NO. 10-6119 |
| WOOD ELECTRIC, INC. AND IVAN | ) |
| WEAVER CONSTRUCTION, | ) HONORABLE RUSS KENDIG |
| | ) |
| Plaintiffs, | ) |
| | ) **MEMORANDUM OF OPINION** |
| v. | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| FIRSTMERIT BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Defendant, FirstMerit Bank, N.A. ("Defendant" or "FirstMerit"), seeks judgment on the pleadings under Federal Rule of Bankruptcy Procedure 7012, which adopts Federal Rule of Civil Procedure 12 into bankruptcy practice. Defendant alleges the complaint was untimely and seeks dismissal. Plaintiffs oppose the relief.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Plaintiffs filed an adversary complaint on November 17, 2010 seeking a determination that their mechanics' liens have priority over Defendant's mortgage. The deadline to file the complaint is governed by a provision in the cash collateral order in the main case. The provision states:

> 14. If the IRP Debtors, the Committee or any other creditor or party in interest do not bring an action challenging the validity and priority of the liens, mortgages and security interests of FirstMerit granted to FirstMerit prepetition (and postpetition hereunder) within 30 days of the date of entry of this Order then the priority of such liens, mortgages and security interests shall be presumed to be first priority and such liens, mortgages and security interests shall be presumed conclusively to be valid in all respects and not subject to further challenge. The IRP Debtors are not authorized to use the Cash Collateral of FirstMerit to fund the research, filing and prosecution of any action challenging the validity and priority of the liens, mortgages and security interests of FirstMerit.

(Final Agreed Order Authorizing Use of Cash Collateral ¶ L(14)) ("paragraph fourteen"). The court entered the order on October 1, 2010.

On October 18, 2010, the court entered the Agreed Amended Final [Cash Collateral] Order ("amended order"). (Doc. 153). It contained an identical provision. The amended order did not make substantive changes, but merely was filed to attach a copy of the cash collateral budget which was not available when the original order was filed.

Neither the original order or the amended order provide a definition for the term "Order" used in paragraph 14.

On November 9, 2010, the court entered a Stipulation and Order Amending Final Order Authorizing Use of Cash Collateral ("Stipulation"). (Doc. 168.) The Stipulation amended paragraph fourteen to state that no challenges to FirstMerit's liens were filed, so the liens were deemed to be first priority and not subject to further challenge as to all parties except the debtors. The Stipulation contained specific deadlines and condition for the debtors to challenge FirstMerit liens.

2

## LAW AND ANALYSIS

Defendant argues that the complaint is untimely, contending the deadline to file the complaint was November 1, 2010. Its calculation is based on the filing date of the original cash collateral order. According to Defendant, the filing date of the amended order was immaterial in calculating the time period to challenge FirstMerit's liens. The amended order merely corrected the equivalent of a clerical error, making no substantive changes, so it relates back to the original order. Therefore, Defendant surmises the filing date of the original controls the start of the 30-day window to challenge the liens.

Plaintiffs, in turn, argue that the amended order re-started the thirty day period to file challenges to Defendant's liens. Under this view, the last day to file a complaint was November 17, 2010 – the date Plaintiffs filed the complaint. Plaintiffs also contend that use of the terminology "this Order" in paragraph fourteen of the amended order is specific to the amended order and cannot be reasonably understood to refer to the original order. They also contend that since FirstMerit participated in the drafting of the order, an ambiguity must be construed against it as a matter of law.

Review of a motion for judgment on the pleadings is identical to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)</u>, 388 B.R. 795 (6th Cir. 2008). To succeed, Defendant must demonstrate that Plaintiffs cannot prove a plausible set of facts upon which relief can be predicated. 'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.' <u>JPMorgan Chase Bank, N.A. v. Winget</u>, 510 F.3d 577, 581 (6th Cir. 2007) (citation omitted).

The procedural facts are not disputed and the substantive facts of the complaint are not at issue. The motion presents a question of law concerning the bar for filing the complaint: did a new thirty period for challenging FirstMerit's liens start when the amended order was entered? Defendant has not proffered any law in support of its position that the thirty days should be calculated from the date of the original order.

FirstMerit was involved in negotiating and drafting the cash collateral order. As a drafter, any ambiguity in interpretation in the document is construed against FirstMerit. <u>Royal Ins. Co. of America v. Orient Overseas Container Line Ltd.</u>, 525 F.3d 409 (6th Cir. 2008). In this instance, equity demands this result because Plaintiffs had no opportunity to weigh in on the language which binds them. Further, the ambiguity was avoidable. The amended order could have easily used language stating the date from which the time commenced or any of a number of other words to reach the same conclusion.

According to Defendant, the only reason for the amended order was to attach a budget governing use of cash collateral. The implicit suggestion is that a ministerial amendment to

the order has a different impact than a substantive one. Defendant provides no support for this position.

Paragraph fourteen states that if no challenge to FirstMerit's liens is raised within thirty days of "this Order," FirstMerit's liens are deemed to have priority. The terminology "this Order" is specific and refers to the order in hand. The amended order, with its entry date of October 18, 2011, clearly starts the time running from the date of entry of the amended order. No other definition is otherwise provided for the term "this Order," so the court relies on the natural meaning and understanding of the phrase.

Defendant urges the court to take the original order, amended order, and Stipulation as a package, and interpret the documents consistently. Paragraph fourteen of the Stipulation, entered on November 9, 2010, indicates the challenge period expired, without any objection, and declares FirstMerit's liens to be valid and superior in priority. The accuracy of this statement is based on utilizing a time period which runs from entry of the original order. Using the date of the amended order renders the Stipulation inaccurate. The court is not persuaded by this argument. No one challenges what Defendant may have intended. Defendant's argument ignores the fact it could have merely been wrong. Plaintiffs have shown that an alternative understanding is plausible.

The court concludes that the thirty day period to challenge Defendant's lien started over with entry of the amended order. Consequently, the complaint was timely filed.

This result is attained without consideration of the requirements of Federal Rule of Bankruptcy Procedure 7001 and obvious related questions about the ability of cash collateral orders to bind non-parties.

Defendant's motion for judgment on the pleadings is not well-taken and will be denied.

The court will immediately enter an order.

# # #

**Service List:**

Curtis L. Tuggle
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

Gregory R. Farkas
James T. Dixon
John F. Kostelnik
Timothy J. Richards
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, OH 44114